NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0776n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 10, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| WILLIAM T. DAVIS, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CITY OF MURFREESBORO, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:    SUHRHEINRICH, McKEAGUE, and KETHLEDGE, Circuit Judges.

**Per Curiam.**   This is an appeal from a magistrate judge's order granting the City of Murfreesboro's motion for summary judgment in William Davis's § 1983 action alleging that city officials deprived him of his First Amendment rights by serving an administrative inspection warrant on him in retaliation for filing state lawsuits.

On December 28, 2003, Murfreesboro Police Officer Anthony Whitehead saw a loose dog run through an open front door into Davis's condominium. Upon approaching and then entering the condo in order to check on the health of the residents, Whitehead encountered an "almost unbearable" smell and found an apartment in "complete disarray," populated by sick-looking cats and covered with feces and trash. The Animal Control officers who arrived in response to Whitehead's report found "dog feces, cat feces, and all kinds of urine all over the carpets," sick cats without any water, and – most startlingly – over one hundred dead cats, along with a dead dog and

five dead snakes, in the condominium's freezers. *See State v. Davis*, 2005 WL 2255968, at *1-*3 (Tenn. Crim. App. Sept. 15, 2005). Codes Inspector Monty Kapavik of the Murfreesboro Building and Codes Department ("Department") declared Davis's home unhabitable and issued a repair order. Davis ultimately pled guilty to one count of cruelty to animals, *see id.* at *1, but continued to contest the validity of the 2003 searches; he also launched a series of lawsuits against various city and county officials and departments. Once Davis's legal challenge to the searches was concluded in 2005, the Department began insisting on reinspecting Davis's condo. In July of 2006, Chief Building Official Betts Barbier Nixon obtained an administrative inspection warrant to search the building. Kapavik executed the warrant, entered the apartment, and then issued a revised repair order. In response, Davis brought this suit, alleging that the search and resulting repair notice were acts of retaliation against him because he had brought his earlier lawsuits, and were an attempt to prevent him from continuing to exercise his First Amendment rights.

In two memoranda, on September 29, 2008 and October 28, 2008, Magistrate Judge Juliet Griffin granted the City's motion for summary judgment, concluding that Davis could not show the third element of a retaliation claim, that the Department's actions were motived at least in part by Davis's exercise of his constitutional rights in bringing state lawsuits. *See, e.g., Jenkins v. Rock Hill Local School Dist.*, 513 F.3d 580, 586 (6th Cir. 2008). "Even . . . viewed in the light most favorable to the plaintiff," Judge Griffin concluded, "there is simply insufficient evidence . . . showing the existence of a causal connection between the plaintiff's pursuit of a lawsuit against the City and the enforcement action taken against him by the Building Codes Department. No reasonable jury could find in favor of the plaintiff if this claim proceeded to trial." (Magistrate Judge Memo, October 28,

2008, at 6.) Davis now appealing, arguing that while "it is simply impossible" for him "to provide the type of direct evidence that might be considered a 'smoking gun[,]'" (Pl. Br. at 7), he has presented sufficient *circumstantial* evidence to permit a reasonable jury to conclude that such a causal connection exists.

Having duly considered Davis's appellate arguments, we find Davis's appeal to be meritless. Davis's arguments were fairly and adequately addressed in Judge Griffin's October 28, 2008 memorandum granting the City of Murfreesboro's motion for summary judgment. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we **AFFIRM** on the basis of the magistrate judge's memorandum the dismissal of this action.